UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARLES WESLEY WASHINGTON JR.,**

**Plaintiff,**

**v.** **Case No. 6:26-cv-22-CEM-CAB**

**MARK GLASS and JOHN MINA,**

**Defendants.**
__________________________________/

# ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion," Doc. 23). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 25), recommending that the Motion be denied and Plaintiff's Second Amended Complaint ("Complaint," Doc. 22) be dismissed with prejudice. (Doc. 25 at 6). Plaintiff filed an Objection to the R&R ("Objection," Doc. 27) and a Notice of Supplemental Authority (Doc. 28) in support of the Objection.

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review

"require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's Complaint alleges that Florida's sex offender registration statute violates the Ex Post Facto Clause and his Fourteenth Amendment right to due process because the statute requires him to register based on a conviction that occurred prior to the statute's enactment. (Doc. 22 at 7–8). The R&R concluded that Plaintiff's Complaint is due to be dismissed because the Eleventh Circuit has held that Florida's sex offender registration statute does not violate the Ex Post Facto Clause or the Fourteenth Amendment. (Doc. 25 at 5).

Plaintiff raises six objections to the R&R. First, he argues that R&R treats his Complaint as a facial challenge to Florida's sex offender registration statute, despite that fact that he is bringing an as-applied challenge. (Doc. 27 at 2). However, the R&R does not characterize Plaintiff's Complaint as a facial challenge and Plaintiff's Complaint does not clearly indicate whether Plaintiff is bringing a facial or as-applied challenge. (*See* Doc. 25 at 4–5; *see generally* Doc. 22). Plaintiff's objection that the R&R mischaracterizes his claim will be overruled.

Plaintiff's second objection argues that the R&R improperly focuses on the issue of whether sex offender registration statutes are civil regulatory schemes or

criminal punishments, rather than whether the application of Florida's sex offender registration statute to individuals convicted prior to the statute's enactment is constitutional. (Doc. 27 at 2). Because the Ex Post Facto Clause applies to "criminal laws, not to civil regulatory regimes" the Magistrate Judge was correct to focus on the nature of the statute when evaluating Plaintiff's claim. *See United States v. W.B.H.*, 664 F.3d 848, 852 (11th Cir. 2011); *Smith v. Doe*, 538 U.S. 84, 92 (2003).

The Eleventh Circuit's holding that Florida's sex offender registration statute "is not punitive, but rather regulatory" appears to foreclose Plaintiff's argument that the statute as applied to him violates the Ex Post Facto Clause. *Houston v. Williams*, 547 F.3d 1357, 1364 (11th Cir. 2008); *Clements v. Governor of Florida*, No. 23-11731, 2024 WL 710607, at *3 (11th Cir. Feb. 21, 2024) (finding that a plaintiff's argument that Florida's sex offender registration statute violated the Ex Post Facto Clause was barred by the Court's holding in *Houston v. Williams*). However, Plaintiff's third objection points out that modern sex offender registration regimes impose greater burdens than those considered by earlier precedent. (Doc. 27 at 2). And while it is true that Florida's sex offender registration statute has changed considerably since *Houston*, *see Doe v. Swearingen*, 51 F.4th 1295, 1300–01 (11th Cir. 2022), Plaintiff's Complaint does not raise this issue. (*See generally* Doc. 22). Rather, it generally challenges the "post-1997 sex-offender registration and reporting requirements." (*Id.* at 7). To the extent Plaintiff is attempting to amend his

Complaint through his Objection, this not permitted. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); *Ponder v. Mill At Westside Owner, LLC*, No. 1:25-CV-5996-SEG-AWH, 2026 WL 1499034, at *2 (N.D. Ga. Apr. 28, 2026) ("Plaintiff cannot amend his complaint through objections to an R&R").

Plaintiff's fourth objection asserts that the R&R fails to address Plaintiff's "plea-based due process interests." (Doc. 27 at 3). Plaintiff is incorrect. The R&R explained that the Eleventh Circuit has foreclosed both substantive and procedural due process claims based on Florida's sex offender registration statute. (Doc. 25 at 5 (citing *Doe v. Moore*, 410 F.3d 1337, 1342–46 (11th Cir. 2005)).

In his fifth objection, Plaintiff argues that he has standing and has sued the proper defendants. (Doc. 27 at 3). Since the R&R did not recommend dismissal on the grounds that Plaintiff lacked standing or sued the wrong defendants, the Court will not address this objection. (*See generally* Doc. 25).

Finally, Plaintiff objects to the recommendation that his Complaint be dismissed with prejudice. (Doc. 27 at 3). Plaintiff states that dismissal with prejudice at the screening stage is unwarranted and highlights his pro se status. (*Id.*). The R&R noted that Plaintiff has previously amended his pleading twice and concluded that a

more carefully drafted complaint would fail to state a claim because Plaintiff's claim is foreclosed by controlling authority. (Doc. 25 at 5–6).

While Plaintiff's claim, as currently pleaded, is foreclosed by controlling authority, Plaintiff's third objection suggests that a more carefully drafted complaint might state a claim. In an abundance of caution, the Court will permit Plaintiff an opportunity to file a third amended complaint. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim'") (citations omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). Plaintiff's third amended complaint may not reassert the claim dismissed herein challenging the constitutionality of Florida's sex offender registration statute as a whole. Rather, Plaintiff may amend only to the extent that Plaintiff can state a claim that specific amendments to the statute have rendered it unconstitutional.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted in part. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 27) is **OVERRULED in part** and **SUSTAINED in part**.

2. The Report and Recommendation (Doc. 25) is **ADOPTED in part** and **REJECTED in part**.

3. Plaintiff's Motion to Proceed Motion to Proceed *in Forma Pauperi*s (Doc. 23) is **DENIED**.

4. Plaintiff's Second Amended Complaint (Doc. 22) is **DISMISSED**.

5. **On or before December 9, 2026**, Plaintiff may file a third amended complaint that complies with this Order and corrects the deficiencies set forth in the Report and Recommendation, as well as an amended motion to proceed *in forma pauperis*. Failure to do so will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party